# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLAUDE COX aka CANDY-LEE-SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>JUDY MAYS,<br><br>Defendant. | Case No. 17-cv-4912 (JRT/FLN)<br><br>REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court has conducted an initial review of the complaint and recommends that the case be dismissed because the District of Minnesota is not the proper venue. The Court has considered whether to transfer the case to the Eastern District of Kentucky where venue might be proper and declines to do so for the reasons outlined below.

Under 28 U.S.C. § 1391(b), a civil action may be brought in --

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, the only defendant appears to be a medical nurse at the prison in Kentucky where Plaintiff is incarcerated (ECF No. 1 at 4) and Plaintiff has not alleged that any of the

events at issue took place in Minnesota.  Accordingly, neither § 1391(b)(1) nor (b)(2) permit this action to be brought in Minnesota.  Plaintiff has not alleged any facts in the complaint but the case appears to involve events that occurred at a correctional center in Kentucky where Plaintiff is incarcerated.  ECF No. 1 at 3-4 (addresses of parties).  The Court cannot find any reason in the pleadings why Plaintiff might have filed the case here and the District of Minnesota appears to have no connection whatsoever to the claims brought by Plaintiff in the complaint.

The Plaintiff has provided the same address for the plaintiff and defendant, which appears to be a correctional facility in Sandy Hook, Kentucky.  *See* ECF No. 2 at 6 (IFP application Certificate of Authorized Prison Official).  The most appropriate venue for this matter therefore appears to be the Eastern District of Kentucky where Little Sandy Correctional facility is located; the defendant allegedly resides;[1] and where the events at issue (whatever they might be) may have occurred.  28 U.S.C. § 1391(b).  The Court could recommend that the case be transferred to the Eastern District of Kentucky but declines to do so in this case because the complaint form is almost entirely blank.  *See* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  The only allegation in the complaint is in the "Request for Relief" section of the form and it states that Plaintiff "just want[s] to get the nurse put on a medical leave for an investigation."  ECF No. 1 at 5.  The Court therefore recommends dismissal of the case without prejudice because Plaintiff has not provided sufficient allegations in the complaint for the Court to recommend transfer "in the interests of justice."

---

[1] The Court recognizes that the Defendant likely does not actually live at the correctional center but presumably lives near enough to work there.  Plaintiff provided almost no information in the complaint from which the Court could make inferences about the parties or the facts of the case.

2

The Court therefore recommends dismissal of Plaintiff's lawsuit for improper venue pursuant to 28 U.S.C. § 1406(a). Should Plaintiff wish to pursue this action, the Court notes that the case is being recommended for dismissal without prejudice to Plaintiff's ability to re-file in the proper venue.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED without prejudice for improper venue;

2. Plaintiff Cox's pending application for leave to proceed *in forma pauperis* (ECF No 2) be DENIED as moot.

Dated: December 5, 2017                    __s/Franklin L. Noel_____
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).